NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARCHIE T. EDWARDS; PATRICIA L. EDWARDS, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CALIBER HOME LOANS, INC.; et al., <br><br> Defendants-Appellees. | No. 17-35535 <br><br> D.C. No. 2:16-cv-01466-JCC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Archie T. Edwards and Patricia L. Edwards appeal pro se from the district

court's order dismissing their diversity action arising from foreclosure

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal under Fed. R. Civ. P. 12(b)(6).  *Knievel v. ESPN*, 393 F.3d 1068, 1071-

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

72 (9th Cir. 2005). We affirm.

The district court properly dismissed plaintiffs' claim under the Washington Consumer Protection Act ("WCPA") because plaintiffs failed to allege facts sufficient to show that defendants engaged in an unfair or deceptive act that caused plaintiffs' injury. *See Bavand v. OneWest Bank*, 385 P.3d 233, 247-48 (Wash. Ct. App. 2016) (setting forth elements for challenges under the WCPA).

The district court properly dismissed plaintiffs' claim for "lack of standing to foreclose" because plaintiffs failed to allege facts sufficient to show that defendant U.S. Bank Trust, N.A. was not authorized to foreclose. *See Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 41-42, 45 (Wash. 2012) (en banc) (discussing the definition of a "beneficiary" under Wash. Rev. Code. § 61.24.005(2) and that Mortgage Electronic Registration Systems, Inc. may act as a beneficiary's agent); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (explaining that "[a] pleading that offers labels and conclusions" or "naked assertions devoid of further factual enhancement" is insufficient to survive a motion to dismiss (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

2

**AFFIRMED.**